# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**SUBPOENAS SERVED ON ARMOND BUDISH AND CHRISTOPHER GLASSBURN**<br><br>**Ohio A. Philip Randolph Institute**, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**Ryan Smith**, Speaker of the Ohio House of Representatives, *et al.*,<br><br>Defendants. | CASE NO. _____<br><br>U.S. District Court, Southern District of Ohio, Case No.: 1:18-cv-00357-TSB<br><br>Judge Timothy S. Black<br>Judge Karen Nelson Moore<br>Judge Michael H. Watson<br><br>Magistrate Judge Karen L. Litkovitz |

### MEMORANDUM IN SUPPORT OF INTERVENORS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS SERVED ON ARMOND BUDISH AND CHRISTOPHER GLASSBURN

Intervenors/Movants submit this memorandum in support of their motion to compel compliance with subpoenas served on Armond Budish and Christopher Glassburn.

**I.  BRIEF PROCEDURAL BACKGROUND**

This litigation involves a challenge to the constitutionality of Ohio's 2011 congressional district plan. A group of Plaintiffs sued the Speaker of the Ohio House of Representatives, President of the Ohio Senate, and Secretary of State of Ohio, in their official capacities, in the Southern District of Ohio, *Ohio A. Philip Randolph Institute ("APRI") v. Smith*, Case No. 1:18-cv-00357-TSB-KNM-MHW, alleging that Ohio's 2011 congressional redistricting plan and each of its 16 districts are an unconstitutional partisan gerrymander (the "Lawsuit").

3

Shortly after Plaintiffs initiated the Lawsuit, Intervenors—a coalition of Ohio's congressional representatives, two county political parties, and registered voters—intervened because their interests will be directly impacted by the relief Plaintiffs are pursuing in this action.

The Lawsuit is being litigated on an expedited basis. Discovery closes on December 19, 2018 and trial is set for March 4, 2019. *See* Calendar Order, *APRI v. Smith*, 1:18-cv-357-TSB-KNM-MHW (S.D. Ohio July 17, 2017) [Dkt. 41].

## II. FACTUAL BACKGROUND RELATED TO SUBPOENAS

On or about September 14 and 17, 2018, Intervenors served subpoenas on Glassburn and Budish (the "Subpoenas"), respectively. *See* Declaration of Patrick T. Lewis, Esq. in Support of Intervenors' Motion to Compel Compliance with Subpoenas Served on Armond Budish and Christopher Glassburn ("Lewis Decl."), Ex. 1 ¶¶ 3-4, Ex. B-C. Budish, the current Cuyahoga County Executive, is a former Democratic member of the Ohio House of Representatives for Ohio's 8th district who, in 2011, served as House Minority Leader. Mr. Glassburn served as an aide to Budish during the relevant time period and as a member of a task force charged with assisting with the preparation of the 2011 Ohio congressional plan. The Subpoenas seek the production of documents relevant to the claims and defenses at issue in this litigation, including, among other things, documents demonstrating the bipartisan nature of the 2011 Ohio redistricting plan.

In response to the Subpoenas, on or about September 28, 2018, attorneys for Budish and Glassburn asserted form objections in response to the Subpoenas. *See* Lewis Decl., Ex. 1 ¶ 5, Ex. D-E. Intervenors responded by letter on October 5, 2018 and agreed "to identify a reasonable solution to [Budish and Glassburn's] concerns to avoid necessary discovery motion practice," including to allow Budish and Glassburn additional time to respond and to narrow the search to

personal email accounts and devices. *See* Lewis Decl., Ex. 1 ¶ 6, Ex. F. About 60 days have passed since Intervenors issued the Subpoenas and yet neither Budish nor Glassburn has produced any documents, and their attorneys cannot even state when they will be able to do so. *See* Lewis Decl., Ex. 1 ¶¶ 8-10.

Significantly, on November 7, 2018, Budish and Glassburn's attorneys advised Intervenors' counsel—for the first time, about 54 days after Intervenors issued the Subpoenas and after a month of email exchanges between counsel addressing topics like search terms and date ranges—that they had yet to receive "the necessary cooperation [from the clients] to be able to provide any specifics on when documents in their possession [would] be provided." Lewis Decl., Ex. 1 ¶ 8, Ex. G. Further, lawyers for Budish and Glassburn explained that Intervenors may need to seek judicial intervention to achieve compliance:

> We understand that, given the deadlines in this matter, you many need to take steps to protect your client's interests. Please serve us with anything you feel is necessary to file so we can ensure the subpoenaed individuals are aware of what is happening.

*Id.*

During a telephone meet and confer on November 14, 2018, Budish and Glassburn's counsel were again unable to provide any answers as to when their clients would be producing documents, and were unable to confirm they had gained such cooperation from their clients. *See* Lewis Decl., Ex. 1 ¶ 9.

### III. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs the production of documents by nonparties pursuant to a subpoena *duces tecum*. Fed. R. Civ. P. 45(a)(1)(A)(iii) ("[C]ommand[ing] each person to whom it is directed … to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."). Rule 45 also

permits a party that served a subpoena to move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). "[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *NetJets Aviation, Inc. v. NetJets Ass'n of Shared Aircraft Pilots*, No. 2:17-MC-00038-GCS, 2017 WL 3484101, at *1 (S.D. Ohio Aug. 15, 2017) (internal citation omitted).

Courts liberally construe the scope of discovery under Rule 26. *See Kokosing Const. Co. v. RLI Ins. Co.*, No. 2:07-CV-265, 2008 WL 619359, at *1 (S.D. Ohio Mar. 3, 2008) (granting motion to compel). Rule 26 permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Mid Am. Sols. LLC v. Vantiv, Inc.*, No. 1:16-MC-2, 2016 WL 1611381, at *5 (S.D. Ohio Apr. 20, 2016) (internal citations omitted).

On a motion to compel discovery under Rule 45, the moving party bears the burden of establishing that the information sought is relevant. *See William Powell Co. v. Nat'l Indem. Co.*, No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017). If the information sought is relevant, the burden shifts to the party resisting discovery to demonstrate that relevant information is unduly burdensome or otherwise not discoverable because it is not proportional to the needs of the case. *Id.*

The Court should grant this motion because: (1) the information Intervenors seek is relevant, and (2) Budish and Glassburn have failed to show that the requested discovery is unduly burdensome or otherwise not discoverable.

6

## IV. ARGUMENT

### A. Intervenors seeks documents relevant to the claims and defenses at issue in this litigation.

Under Rule 26, a party is entitled to information that is relevant to the any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance for discovery purposes is extremely broad." *Kokosing Const. Co.*, 2008 WL 619359, at *1.

Here, it is undisputed that the discovery the Intervenors seek is relevant to the claims and defenses at issue in the Lawsuit. In fact, Budish and Glassburn never objected to the Subpoenas on relevancy grounds. *See* Lewis Decl., Ex. 1 ¶ 5, Ex. D-E; *see also William Powell Co.*, 2017 WL 1326504, at *5 (noting only "[i]f a party objects to the relevance of information sought in discovery, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action") (internal quotations omitted). Instead, their lawyers admit that the reason they cannot comply is not because the documents sought are irrelevant, but because they "have not received the necessary cooperation" from their clients to timely and properly respond. *See* Lewis Decl., Ex. 1 ¶ 8, Ex. G.

Regardless, Intervenors' document requests are tailored to seek relevant communications, documents, and records. In the underlying litigation, Plaintiffs challenge the constitutionality of Ohio's 2011 congressional district plan, H.B. 369, by claiming that Republicans drew the map to unconstitutionally discriminate against Democrats. But H.B. 369 was a piece of legislation, and it passed the Ohio General Assembly with bipartisan support. It did so after a prior piece of congressional districting legislation, H.B. 319, passed earlier in 2011 but was threatened with a referendum. Budish and Glassburn (both members of the Democratic Party) played a role in the 2011 congressional redistricting process in Ohio and, upon information and belief, possess documents relevant to how the 2011 congressional plan came together.

For example, the Subpoenas' Request No. 11 seeks communications between Budish or Glassburn and other members of the Democratic Party regarding the redistricting process:

> All communications and Documents regarding or relating to such communications with any person regarding the redistricting of the Ohio congressional maps following the 2010 Census, including but not limited to … any person associated with any member of the Ohio General Assembly, any person associated with the Ohio Apportionment Board, any person associated with the Ohio Democratic Party ("ODP"), any person associated with the Democratic Congressional Campaign Committee ("DCCC"), any person associated with the Democratic National Committee ("DNC"), any person associated with the League of Women Voters of Ohio, or any person associated with the Ohio A. Philip Randolph Institute.

Lewis Decl., Ex. 1 ¶¶ 3-4, Ex. B-C, Request No. 11.

Documents responsive to the Subpoenas are centrally relevant to the claims and defenses at issue in the Lawsuit; these Subpoenas were issued to persons who undeniably played a role in Ohio's 2011 congressional redistricting process and seek documents concerning that process. Because the discovery sought passes the relevancy threshold, the Court should grant Intervenors' Motion to Compel Compliance with Subpoenas served on Armond Budish and Christopher Glassburn.

### B. Intervenors seek discovery proportional to the needs of the case.

Budish and Glassburn do not (and cannot) show that the discovery sought is unduly burdensome or not proportional to the needs of the case. *William Powell Co.*, 2017 WL 1326504, at *5 ("If that party demonstrates relevancy, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules."). This is an instance where Budish and Glassburn are simply failing to "cooperate" or comply with their subpoena obligations.

Moreover, the Rule 26(b)(1) factors—such as, the importance of the issues at stake, amount in controversy, parties' relative access to relevant information, importance of the discovery in

8

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—establish that the discovery Intervenors seek is proportional to the needs of the case. *William Powell Co.*, 2017 WL 1326504, at *6 (setting forth the proportionality factors). For example:

- The issues in the Lawsuit concern Plaintiffs' constitutional rights, and, potentially, the constitutional rights of millions of Ohioans;

- Budish and Glassburn are in possession of relevant, unique information that is not otherwise available to Intervenors; and

- The discovery at issue—documents showing the involvement of key Democratic leaders in the redistricting process—could resolve many underlying claims and defenses.

Finally, it cannot go without noting that neither Budish nor Glassburn has attempted to quantify the cost or burden of complying with the Subpoenas. Instead, they are stonewalling not only Intervenors' efforts to obtain relevant discovery, but (apparently) the efforts of their own attorneys to do the same. *See* Lewis Decl., Ex. 1 ¶¶ 8-9.

Because Budish and Glassburn have failed to show the Subpoenas seek discovery that is not proportional to the needs of the case, the Court should grant Intervenors' motion.

## V. CONCLUSION

The Court should allow Intervenors discovery into the claims and defenses at issue in the Lawsuit, grant Intervenors' Motion to Compel Compliance with the Subpoenas Served on Armond Budish and Christopher Glassburn, and compel Budish and Glassburn to produce responsive documents and communication with fourteen (14) days.

Dated: November 15, 2018

Respectfully submitted,

**BAKERHOSTETLER LLP**

*/s/ Patrick T. Lewis*
Patrick T. Lewis (0078314)
Email: plewis@bakerlaw.com
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 621-0200 / Fax (216) 696-0740

*Counsel for Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2018, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served via electronic mail and regular U.S. mail, postage prepaid, upon the following:

David A. Oppenheimer, Esq.
Principal Assistant Attorney General
Civil Rights Section
Office of Ohio Attorney General Mike DeWine
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113-1899
Email: David.Oppenheimer@OhioAttorneyGeneral.gov

Lydia Arko Zigler, Esq.
Senior Assistant Attorney General
Executive Agencies Section
Office of Ohio Attorney General Mike DeWine
30 E. Broad St., 26th Floor
Columbus, OH 43215

Email: Lydia.Zigler@OhioAttorneyGeneral.gov

*Counsel for Intervenors*